In the Matter of Supplementary Proceedings: STATE OF NEW YORK, Judgment Creditor, *v.* LYDIA B. KOCH, Judgment Debtor.

Supreme Court, New York County, January 6, 1930.

*Wellman, Smyth & Scofield* [*Frederic C. Scofield* of counsel], for the judgment debtor.

*Seth T. Cole* [*James T. Taaffe* of counsel], for the State of New York.

COLLINS, J. On the return day of an order issued in the above proceeding the attorney for the alleged judgment debtor moved to vacate the order upon the ground that the order did not contain sufficient jurisdictional recitals justifying the examination of the judgment debtor in supplementary proceedings. The proceeding is one instituted pursuant to section 380 of the Tax Law (added by Laws of 1919, chap. 627, as amd. by Laws of 1926, chap. 329), which reads in part as follows: " If a warrant be returned not satisfied in full, the tax commission shall have the same remedies to enforce the claim for taxes against the taxpayer as if the People of the state had recovered judgment against the taxpayer for the amount of the tax."

The recitals of the order granted in the proceeding show that the State Tax Commission duly issued on May 26, 1927, a warrant for income taxes against Lydia B. Koch, the judgment debtor herein, and that a copy of said warrant was duly filed in the office of the clerk of the county of New York on June 9, 1927, in which county the said judgment debtor then had and now has an office for the regular transaction of her business; that said warrant remains wholly unpaid; that the said State Tax Commission has the same remedies to enforce the claim for taxes against the taxpayer as if the People of the State had recovered judgment against the taxpayer for the amount of the tax, and that no previous application for this order has been made. Upon the affidavit annexed to the order establishing these facts an order requiring the judgment debtor to appear for examination was duly signed by a justice of this court and duly served upon the judgment debtor.

The judgment debtor insists that the order is not justified under section 775 of the Civil Practice Act and that the provisions of this section or the remedy provided therein are not available to the judgment creditor unless the judgment debtor appeared or was personally served with the summons or substituted service made upon her in accordance with section 231 of the Civil Practice Act. In particular, the judgment debtor urges that there is no allegation of personal service or its equivalent. The moving affidavit fails to allege the residence of the judgment debtor during the years for which the tax was levied, and there is no allegation that the judgment debtor was ever a resident of the State of New York.

A history of the matters involved on the application and of the proceeding herein shows that there was an imposition of income taxes against the judgment debtor and that they were not paid within sixty days. Under section 380 of the Tax Law the State Tax Commission issued a warrant under its official seal directed to its duly authorized agent to collect the income taxes in New York

county. The warrant agent within five days after the receipt of said warrant filed a copy thereof with the clerk of the county of New York, who entered the amount of the tax and penalties for which the warrant was issued in the judgment docket in his office.

It would appear that upon the filing of this warrant the amount thereof became a lien upon the title to and interest in the real property of the judgment debtor in the same manner as a judgment duly docketed in said office. According to the statute the warrant agent, having all the powers conferred by law upon sheriffs, thereupon proceeded upon said warrant in the same manner prescribed by law with respect to execution against property upon judgments of a court of record. The warrant was returned by said warrant agent not satisfied in full. This proceeding was thereupon instituted for the examination of the judgment debtor.

I find from the facts that the judgment creditor has followed explicitly the provisions of section 380 of the Tax Law, and having done this he was entitled to maintain these proceedings. While it may be that under the provisions of section 775 of the Civil Practice Act certain conditions are required to be shown before instituting a proceeding of this kind, yet, notwithstanding such section, I am of the opinion that it was the intention of the Legislature to give to the Tax Commission power to conduct all remedies which would be available under the Civil Practice Act without requiring the State Tax Commission to go through a needless performance of personal service, the entry of judgment and the issue of execution. The provision under section 380 of the Tax Law is not inconsistent with the provisions of the Civil Practice Act in the enforcement and collection of taxes on behalf of the People of the State. It was within the power of the Legislature to give to the State Tax Commission special remedies to compel the payment of taxes and penalties in addition to the ordinary remedy of bringing suit to enforce payment. Concededly no action was commenced by the State Tax Commission in the form prescribed by section 775 of the Civil Practice Act with reference to actions instituted and judgments recovered thereon.

The application of the judgment debtor to vacate the order is, therefore, denied, with ten dollars costs, and the judgment debtor directed to appear and submit to examination pursuant to the order. Settle order on notice.